MORGAN, Estate of, In re.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25355.   Decided February 7, 1961.

*Mr. A. H. Dudnik* and *Mr. Willard Barry,* for appellee.
*Messrs. Lawrence & Bates,* for appellant.

(DOYLE, P. J., and HUNSICKER, J., of the Ninth District, GRIFFITH, J., of the Seventh District, sitting by designation in the Eighth District.)

For further history see *Omnibus Index* in bound volume.

*Per Curiam*: This is an appeal on questions of law from a judgment fixing attorney fees for Willard Barry, Esq. who had been employed to act as attorney for the executor of the estate of Harry W. Morgan, deceased.   The appeal is from a judgment of the Probate Court of Cuyahoga County, lodged in this court by the executor of the estate, who says that the judgment is "clearly and manifestly against the weight of the evidence and is contrary to law."

One of the most difficult, distasteful, and embarrassing tasks

that falls to judges is the determination of fees to be charged for work done by a brother lawyer or the review of such work accomplished by trial judges. Judges, however, must look at such matters in the same unbiased view necessary in all judicial undertakings.

The record of this case discloses a large but uncomplicated estate. There was no will contest, no question of unknown heirs, no land sale proceeding, no will construction, no formal claims against the estate (the one threatened claim was adjusted and never filed), and there was no litigation of any kind involving the estate which consisted mainly of real property. There were three heirs, all known to the attorney. They were co-operative and not hostile.

The record discloses beyond all question that the problems which arose in this estate were no greater than those which arise in any uncomplicated probate matter where a large sum is involved.

The record bears out the conclusion that Mr. Barry asked for and expected to receive the sum of $15,000.00 for completing his work as attorney for the executor. This work, however, was not completed, the final account was not filed, the federal estate tax was not finally determined, and much remains to be done to complete the administration of this estate.

Mr. Barry testified that his charges are based upon a total of 1061 hours of work and that his fees are figured on the basis of a charge of $15.00 per hour.

It is not the province of the Court of Appeals in an appeal on questions of law to fix fees or to determine amounts due an attorney for services rendered in the administration of an estate. However, it is our duty to review judgments and to determine matters properly brought before us.

The judgment herein is reversed as we find it to be manifestly against the weight of the evidence, and the cause is remanded to the Probate Court of Cuyahoga County for further proceedings.

Judgment reversed and cause remanded.

Doyle, P. J., Hunsicker, and Griffith, JJ., concur.